David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 900-9199

Attorney for Debtor
MoBrewz, LLC, doing business as
18Seventy Brewing Co.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re<br><br>MoBrewz, LLC, doing business as<br>18Seventy Brewing Company,<br><br>    Debtor.<br>_____/ | Case No. 21-90378<br><br>Chapter 11-Subchapter V  Case<br><br>Hearing: September 30, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom<br>      1200 I Street, Suite 200<br>      Modesto, California |

**DEBTOR'S CHAPTER 11 STATUS REPORT**

MoBrewz, LLC, doing business as 18Seventy Brewing Company (the "Debtor") submits the following status report:

***(1) Post-Petition Activities.***

***(a) Background information.***

The Debtor is a California limited liability company formed by Bridgette N. Berry on March 15, 2018. Ms. Berry is the managing member of the Debtor. The Debtor's original plan was to create a beer brewing operation, taproom, and coffee house. The lease for the business premises was signed in early February, 2019, and tenant improvements began. The premises needed to be renovated and brewing

equipment installed. The business was not ready to open until early 2020, but the COVID-19 pandemic prevented the business from opening until August 14, 2020.

An SBA-insured loan was obtained in late 2019 from a community financial development institution. Not all of the funds were drawn down since the coffee house element was not completed. The original loan could have been for as much as $250,000, but because the Debtor didn't drawn down all the funds, the balance is approximately $166,000.

To finance some of the start-up costs, the Debtor borrowed approximately $175,000 from friends and relatives of the Debtor's members. These notes matured and the Debtor was unable to pay them. In addition, the Debtor was unable to pay the contractor for all of the tenant improvements and owes it about $100,000.

The Debtor is current on its lease, on the SBA-insured loan, and on all tax obligations.

***(b) Post-Petition Activities.***

The Chapter 11 petition was filed on August 18, 2021.

The schedules of assets and liabilities, statement of financial affairs, list of creditors holding 20 largest unsecured claims, list of equity security holders, and other new case documents were all filed.

The "small business" documents required to be filed were all filed or in the case of "cash flow statements". a declaration that they are not prepared in the usual course of business was filed.

The Debtor has provided initial documents, including bank statements, insurance certificates, business licenses, the lease, the SBA-insured loan documents, etc., to the United States Trustee and Subchapter V Trustee.

The Debtor's managing member and the Debtor's attorney attended the initial debtor interview with the United States Trustee's analyst and the Subchapter V Trustee.

The Debtor's managing member and an attorney will attend the meeting of creditors required by 11 U.S.C. § 341 on September 22, 2021.

The United States Trustee has not appointed a committee of unsecured creditors. The appointment of a committee is highly unlikely.

The Debtor has opened its debtor in possession account and provided evidence to the U.S. Trustee and Subchapter V Trustee.

*(2) __Filing of Plan__.*

The Debtor expects to file a plan of reorganization on or before November 16, 2021, the 90th day after the petition date. The plan will be one of reorganization and not liquidation and is expected to include capital infusions from the Debtor's managing member and her mother, who own 50% and 25% respectively of the Debtor. The Debtor intends to use additional capital to increase brewing capacity and to provide some dividends on unsecured creditors' claims.

*(3) __Cramdown.__*

11 United States Code § 1129(b) does not apply in Subchapter V cases. The Debtor is hopeful a consensual plan can be confirmed under 11 U.S.C. § 1191(a).

*(4) __Valuation of Assets.__*

The Debtor does not anticipate any disputes over asset values.

*(5) __Cash Collateral and Adequate Protection.__*

The UCC-1 financing statement for the SBA insured loan covers "inventory" which was nominal (less than $5,000) on the petition date. The beer has been consumed and new beer brewed is not subject to the security interest because of 11 U.S.C. § 552(a). Nonetheless, the Debtor has proposed to grant a the lender a replacement lien on future beer.

The Debtor is making adequate protection payments each month on the SBA insured loan equal to the usual monthly payment.

*(6) __Environmental Issues.__*

The Debtor is unaware of any claims which are based on environmental laws.

**(7) *Objections to Claims.***

Only one proof of claim has been filed to date. The Internal Revenue Service (the "IRS") erroneously estimates the Debtor owes $1,800 for payroll taxes based on the Debtor's formation date. However, the Debtor did not have any employees for the time periods the IRS is estimating payroll taxes are due. The Debtor expects the IRS will withdraw its claim once it is aware of the true facts.

The bar date for non-governmental entities to file claims is October 27, 2021.

The bar date for governmental entities to file claims is February 14, 2022.

**(8) *Post-confirmation Sale of Assets.***

The plan is not expected to include any provision for the post-confirmation sale of assets.

**(9) *Anticipated Professional Fees.***

The Debtor paid a modest retainer of $5,000 to David C. Johnston for pre-petition services. An application seeking authority for the Debtor in Possession to employ Mr. Johnston has been filed and served. Mr. Johnston will not be practicing from September 22, 2021 to November 21, 2021. He has arranged for other experienced counsel to cover all hearings during that time period and to prepare all required documents at no expense to the estate. Post-petition attorney's fees for the entire case should not exceed $5,000, based on Mr. Johnston's experience with confirming and implementing Subchapter V plans. Walter R. Dahl has been appointed Subchapter V Trustee in this case. The Debtor does not expect his fees to exceed $7,500.

The Debtor in Possession is not expected to employ any other professionals.

**(10) *Section 1188(c).***

The Debtor's attorney has explored various approaches to a consensual plan, including additional capital to be contributed by the managing member and her mother.

1  The Debtor, with the assistance of the Subchapter V Trustee, will continue to refine
2  this approach to a plan with an eye to increasing brewing production which will
3  provide income to pay dividends on creditors' claims.
4      Dated: September 16, 2021.

Respectfully submitted,

*/s/ David C. Johnston*

_____
David C. Johnston
Attorney for Debtor
MoBrewz, LLC, doing business as
18Seventy Brewing Company

10 /////

13 /////

16 /////

19 /////

22 /////

25 /////